IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs December 17, 2008

## STATE OF TENNESSEE v. JEROME EMMETT HUNTLEY

**Appeal from the Circuit Court for Marshall County**
**No. 17695     Robert Crigler, Judge**

---

**No. M2008-00637-CCA-R3-CD - Filed February 9, 2009**

---

The defendant, Jerome Emmett Huntley, was convicted of introduction of contraband into a penal institution, a Class C felony, and public intoxication, a Class C misdemeanor. The trial court sentenced the defendant as a Range I, standard offender to concurrent terms of five years, six months and thirty days. On appeal, the defendant argues that the evidence was insufficient to support his conviction for introduction of contraband into a penal institution and that the trial court imposed an excessive sentence. Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which JERRY L. SMITH and D. KELLY THOMAS, JR., JJ., joined.

Michael J. Collins, Assistant Public Defender, for the appellant, Jerome Emmett Huntley.

Robert E. Cooper, Jr., Attorney General and Reporter; David H. Findley, Assistant Attorney General; Charles Crawford, District Attorney General; and Weakley E. Barnard, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

### FACTS

In August 2007, the Marshall County Grand Jury returned a six-count indictment against the defendant, charging him with possession of .5 grams or more of cocaine with the intent to sell (Count 1); possession of .5 grams or more of cocaine with the intent to deliver (Count 2); introduction of contraband into a penal institution (Count 3); possession of contraband in a penal institution (Count 4); public intoxication (Count 5); and assault (Count 6). Following a jury trial, the defendant was convicted of the lesser-included offense of simple possession of cocaine in Counts 1 and 2 and as charged in Counts 3, 4, and 5. At the conclusion of the State's proof, the defendant moved for a

judgment of acquittal as to the assault charge against his former girlfriend in Count 6, and the trial court granted the motion. Additionally, the trial court merged the two simple possession convictions (Counts 1 and 2) and the possession of contraband conviction (Count 4) with the introduction of contraband into a penal institution conviction (Count 3).

At trial, Patricia Oldham testified that she had been the defendant's girlfriend "off and on" since 2000 and that their relationship eventually became "real stormy." She said that the defendant occasionally drank alcohol and that she was afraid of him when he was drinking. The defendant moved out of the home they shared in February 2007, and in June 2007, Oldham obtained an order of protection against the defendant. Oldham said that the order was still in effect on the evening of June 23, 2007, when the defendant called her three times in fifteen minutes, saying he was coming to her house. She reminded the defendant each time that he was not supposed to be at her house, and he said he was coming anyway. Oldham called the Lewisburg Police Department, and after the third phone call, she and her friend, Nicki Wade, ran to Wade's house nearby. About two minutes later, Oldham noticed the defendant's car parked in Wade's driveway. Oldham acknowledged that she only saw the defendant's vehicle at Wade's house and that she never saw the defendant that night.

Deputy Elijah Paul Stewart testified that on June 23, 2007, he was employed by the Lewisburg Police Department. That evening, he and Officer James Johnson were dispatched to Oldham's residence where they found the defendant in the yard by the front porch. Stewart said that the defendant "kind of got an attitude right off the bat" and was belligerent. The defendant's speech was "very slurred," and he had a "very strong" odor of alcohol. The officers attempted to search the defendant, but, because he "wanted to wrestle" with them, they were unable to fully search him. Stewart said that Officer Johnson asked the defendant several times if he had any drugs or weapons on his person and informed him that if he carried contraband into the jail, he would be "charged with it." The defendant repeatedly denied having any contraband. Upon their arrival at the jail, Officer Johnson again asked the defendant if he had any drugs or weapons on him and explained to him what would happen if he carried contraband into the jail. The defendant again denied that he possessed any contraband.

Officer James Johnson of the Lewisburg Police Department testified that he and Officer Stewart were dispatched to Oldham's residence at about 10:36 p.m. on June 23, 2007. Outside the residence, they encountered the defendant, who had an odor of alcohol on his person and slurred speech, and arrested him for public intoxication. Johnson said that the defendant was able to follow all of the instructions he was given. As the officers were escorting the defendant to their patrol car, he became "very agitated and very belligerent, started yelling, screaming and cussing quite a bit." Johnson attempted a pat-down search of the defendant and did not find any weapons on his person. He asked the defendant if he was in the possession of any drugs and advised him that "once [they] entered the jail, it becomes a felony." The defendant's response was "F you." The officers transported the defendant to the Marshall County Jail, and, upon their arrival, Johnson again asked the defendant if he possessed any contraband. Johnson said the defendant's response "was the same as before." The officers then escorted the defendant into the booking area of the jail where inmates are housed. Johnson observed Correctional Officer Justin Christmas' search of the defendant, during

which a cellophane bag containing "an off-white, rock-like substance" was discovered in the defendant's right front pocket. The defendant then accused Johnson of planting the drug on him, which Johnson denied. Johnson secured the bag of evidence and placed it in the police evidence locker to be sent to the Tennessee Bureau of Investigation (TBI) for analysis.

Correctional Officer Justin Christmas of the Marshall County Sheriff's Department testified that he participated in the booking process of the defendant at the jail. He said that the defendant was uncooperative, his speech was slurred, and he smelled of alcohol. Christmas' search of the defendant revealed a "fist full" of cash in his right pants pocket and a plastic bag containing what appeared to be crack cocaine in the watch pocket of his pants. At that point, the defendant became "very uncooperative" and "threatened officers in that he was going to kill family members, dogs." The defendant also accused Officer Johnson of "plant[ing] the dope" on him.

Correctional Officer Gary Barron of the Marshall County Sheriff's Department testified that he heard Officer Johnson ask the defendant if he had "anything on his person that he was not supposed to have to bring inside the facility of the jail" and that the defendant's response was "no." Officer Barron said that the search of the defendant's person revealed "a substantial amount of money" and a cellophane bag containing "a round white looking substance." Sergeant Sabrina Patterson, a booking officer at the Marshall County Jail, testified that she counted the money recovered from the defendant, which totaled $167.11.

Agent John Scott, Jr., a forensic scientist with the TBI Crime Laboratory in Nashville, testified that he specialized in the identification of controlled substances. He said that he analyzed the bag of evidence he received in the case and determined that it contained 1.2 grams of crack cocaine.

The defendant elected not to testify and rested his case without presenting any proof.

## ANALYSIS

### I. Sufficiency of the Evidence

The defendant argues that the evidence was insufficient to support his conviction for introduction of contraband into a penal institution, saying that he did not intend to introduce any contraband into the jail. The State asserts that the proof established that the defendant knowingly violated the statute and was sufficient to sustain his conviction.

In considering this issue, we apply the rule that where sufficiency of the convicting evidence is challenged, the relevant question of the reviewing court is "whether, after viewing the evidence in the light most favorable to the prosecution, *any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); see also Tenn. R. App. P. 13(e) ("Findings of guilt in criminal actions whether by the trial court or jury shall be set aside if the evidence is insufficient to support the

findings by the trier of fact of guilt beyond a reasonable doubt."); State v. Evans, 838 S.W.2d 185, 190-92 (Tenn. 1992); State v. Anderson, 835 S.W.2d 600, 604 (Tenn. Crim. App. 1992). All questions involving the credibility of witnesses, the weight and value to be given the evidence, and all factual issues are resolved by the trier of fact. See State v. Pappas, 754 S.W.2d 620, 623 (Tenn. Crim. App. 1987). "A guilty verdict by the jury, approved by the trial judge, accredits the testimony of the witnesses for the State and resolves all conflicts in favor of the theory of the State." State v. Grace, 493 S.W.2d 474, 476 (Tenn. 1973). Our supreme court stated the rationale for this rule:

> This well-settled rule rests on a sound foundation. The trial judge and the jury see the witnesses face to face, hear their testimony and observe their demeanor on the stand. Thus the trial judge and jury are the primary instrumentality of justice to determine the weight and credibility to be given to the testimony of witnesses. In the trial forum alone is there human atmosphere and the totality of the evidence cannot be reproduced with a written record in this Court.

Bolin v. State, 219 Tenn. 4, 11, 405 S.W.2d 768, 771 (1966) (citing Carroll v. State, 212 Tenn. 464, 370 S.W.2d 523 (1963)). A jury conviction removes the presumption of innocence with which a defendant is initially cloaked and replaces it with one of guilt, so that on appeal, a convicted defendant has the burden of demonstrating that the evidence is insufficient. See State v. Tuggle, 639 S.W.2d 913, 914 (Tenn. 1982).

A conviction for introduction of contraband into a penal institution requires that a defendant "[k]nowingly and with unlawful intent take, send or otherwise cause to be taken into any penal institution where prisoners are quartered or under custodial supervision any weapons, ammunition, explosives, intoxicants, legend drugs, or any controlled substances[.]" Tenn. Code Ann. § 39-16-201(b)(1) (2006). "Knowing" and "knowingly" are defined as follows:

> "Knowing" refers to a person who acts knowingly with respect to the conduct or to circumstances surrounding the conduct when the person is aware of the nature of the conduct or that the circumstances exist. A person acts knowingly with respect to a result of the person's conduct when the person is aware that the conduct is reasonably certain to cause the result[.]"

Id. at § 39-11-106(a)(20).

Viewed in the light most favorable to the State, the proof at trial established that the defendant was arrested for public intoxication at the home of his former girlfriend. Officer Johnson testified that even though the defendant was intoxicated and belligerent, he had no trouble understanding or following Johnson's instructions during the arrest. Prior to transporting the defendant to the Marshall County Jail and again upon their arrival at the jail, Officer Johnson asked the defendant if he possessed any contraband, and the defendant repeatedly denied that he did. After the cocaine was discovered on his person at the jail, the defendant accused Officer Johnson of planting it on him, which Johnson denied. We conclude that this evidence was sufficient for a

rational jury to find that the defendant knowingly and with unlawful intent brought cocaine into a penal institution.

## II. Sentencing

The defendant contends that the trial court imposed an excessive sentence, arguing that the court erred in weighing the enhancement factors and that the "punishment imposed does not fit the crime or the offender." The State argues that the defendant is not entitled to relief because a recent amendment to Tennessee's sentencing laws prohibits defendants from appealing the weighing of enhancement and mitigating factors. In the alternative, the State argues that the defendant's extensive prior record alone justified the enhancement of his sentence.

When an accused challenges the length and manner of service of a sentence, it is the duty of this court to conduct a *de novo* review on the record with a presumption that "the determinations made by the court from which the appeal is taken are correct." Tenn. Code Ann. § 40-35-401(d) (2006). This presumption is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The presumption does not apply to the legal conclusions reached by the trial court in sentencing the accused or to the determinations made by the trial court which are predicated upon uncontroverted facts. State v. Butler, 900 S.W.2d 305, 311 (Tenn. Crim. App. 1994); State v. Smith, 891 S.W.2d 922, 929 (Tenn. Crim. App. 1994); State v. Bonestel, 871 S.W.2d 163, 166 (Tenn. Crim. App. 1993), overruled on other grounds by State v. Hooper, 29 S.W.3d 1, 9 (Tenn. 2000). However, this court is required to give great weight to the trial court's determination of controverted facts as the trial court's determination of these facts is predicated upon the witnesses' demeanor and appearance when testifying.

In conducting a *de novo* review of a sentence, this court must consider (a) any evidence received at the trial and/or sentencing hearing, (b) the presentence report, (c) the principles of sentencing, (d) the arguments of counsel relative to sentencing alternatives, (e) the nature and characteristics of the offense, (f) any mitigating or enhancement factors, (g) any statements made by the accused in his own behalf, and (h) the accused's potential or lack of potential for rehabilitation or treatment. Tenn. Code Ann. §§ 40-35-103, -210; State v. Taylor, 63 S.W.3d 400, 411 (Tenn. Crim. App. 2001).

The party challenging the sentence imposed by the trial court has the burden of establishing that the sentence is erroneous. Tenn. Code Ann. § 40-35-401, Sentencing Commission Cmts.; Ashby, 823 S.W.2d at 169. In this case, the defendant has the burden of illustrating the sentence imposed by the trial court is erroneous.

Initially, we will address the State's argument that the defendant may not appeal the trial court's application and weighing of enhancement and mitigating factors within the statutory range. Prior to 2005, Tennessee Code Annotated section 40-35-401(b) read: "An appeal from a sentence may be on one (1) or more of the following grounds: (1) The sentence was not imposed in

accordance with this chapter; or (2) The enhancement and mitigating factors were not weighed properly, and the sentence is excessive under the sentencing considerations set out in § 40-35-103." In 2005, the General Assembly deleted clause (2) of subsection 40-35-401(b), amending the subsection as follows: "An appeal from a sentence may be on one (1) or more of the following grounds: (1) The sentence was not imposed in accordance with this chapter; (2) The sentence is excessive under the sentencing considerations set out in §§ 40-35-103 and 40-35-210; or (3) The sentence is inconsistent with the purposes of sentencing set out in §§ 40-35-102 and 40-35-103." Citing State v. Carter, 254 S.W.3d 335, 344 (Tenn. 2008), the State argues that the 2005 amendments "deleted appellate review of the weighing of enhancement and mitigating factors, as it rendered the enhancement and mitigating factors merely advisory and non-binding in the sentencing determination."

At the February 20, 2008, sentencing hearing, Eugene Holman, the probation officer who prepared the defendant's presentence report, testified that the fifty-two-year-old defendant was convicted of domestic violence on June 11, 2007, and placed on probation. Thus, the defendant was on probation when he committed the offenses in the present appeal less than two weeks later. The defendant also had prior convictions for disorderly conduct, DUI, public intoxication, domestic violence, theft under $500, assault, criminal trespassing, and robbery. Additionally, the defendant's probation for the robbery conviction had been revoked and then reinstated.

The defendant was convicted of a Class C felony with a sentencing range of three to six years. Tenn. Code Ann. § 40-35-112(a)(3) (2006). The trial court applied three enhancement factors: (1) the defendant has a previous history of criminal convictions or criminal behavior, in addition to those necessary to establish the appropriate range; (8) the defendant has failed to comply with the conditions of a sentence involving release into the community; and (13)(C) the defendant was on probation when he committed the offenses. Tenn. Code Ann. § 40-35-114(1), (8), (13)(C) (2006). Additionally, the trial court applied one mitigating factor, the defendant's criminal conduct neither caused nor threatened serious bodily injury. Id. § 40-35-113(1). Placing "great weight" on the three enhancement factors and "slight weight" on the mitigating factor, the court sentenced the defendant to five years, six months, which was six months less than the maximum sentence.

It is clear from the record that the trial court, in sentencing the defendant, thoroughly considered the applicable sentencing principles. While the defendant complains, on appeal, of the court's weighing of these factors, our supreme court has made clear that the Sentencing Act, as amended in 2005, limits the authority of an appellate court to consider such a claim. In Carter, 254 S.W.3d at 344, our supreme court explained that a defendant no longer could appeal the claim that the trial court did not properly weigh the enhancement and mitigating factors:

> Prior to the 2005 amendments, a defendant could appeal on the basis that "[t]he enhancement and mitigating factors were not weighed properly, and the sentence is excessive under the sentencing considerations set out in § 40-35-103." Tenn. Code Ann. § 40-35-401(b)(2) (2003). Similarly, the State could appeal on the basis that "[t]he enhancement and mitigating factors were not weighed properly." Id. §

-6-

40-35-402(b)(5). Significantly, the 2005 amendments deleted as grounds for appeal a claim that the trial court did not weigh properly the enhancement and mitigating factors. See 2005 Tenn. Pub. Acts ch. 353, §§ 8, 9. Rather, a defendant may now appeal on the basis (among others) that the sentence "is excessive under the sentencing considerations set out in §§ 40-35-102 and 40-35-210," id. § 40-35-401(b)(2) (2006), and the State may now appeal on the added basis (among others) that the sentence "is inconsistent with the purposes or considerations of sentencing set out in §§ 40-35-102 and 40-35-103," id. § 40-35-402(b)(7).

In sentencing the defendant in this matter, the trial court noted that the defendant previously had been placed on probation, for robbery and domestic violence, and his probation for the latter offense still was in effect when he committed the offenses which are the basis for the present appeal. He had other convictions in addition to these, as we have set out. Accordingly, we conclude that the record amply supports the sentence imposed by the trial court.

## CONCLUSION

Based upon the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____
ALAN E. GLENN, JUDGE